UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                                    :
ERIC ROGERS,                                                        :
                                                                    :
                                        Plaintiff,                  :          19-CV-8978 (JMF)
                                                                    :
                    -v-                                             :          ORDER OF DISMISSAL
                                                                    :
CURRY EXPRESS 1 CORP. et al.,                                       :
                                                                    :
                                        Defendants.                 :
                                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff filed this action on September 26, 2019.  ECF No. 1.  Defendants Curry Express

1 Corp. and 135 Lexington Avenue LLC were served on October 15, 2019, but failed to enter an

appearance or otherwise defend the case.  *See* ECF Nos. 7-8.  Accordingly, the Court directed

Plaintiff to file a motion for default judgment and scheduled a default judgment hearing.  ECF

No. 10.  Plaintiff did not file the motion, and instead requested a thirty-day extension.  ECF No.

13.  Plaintiff then filed an amended complaint, ECF No. 17, to name an additional Defendant,

Pacific East Group Inc.  Accordingly, the Court restored the initial pretrial conference to the

calendar.  ECF No. 23.  Plaintiff, however, requested an adjournment of the conference.  ECF

No. 26.  The Court directed Plaintiff to file a letter within one week stating whether he intended

to seek a default judgment or otherwise proceed with the case.  ECF No. 27.  Plaintiff filed a

letter stating that he intended to proceed, but requesting a sixty-day stay.  ECF No. 28.  The

Court granted the stay, and directed Plaintiff to file a status letter by June 1, 2020.  ECF No. 29.

Plaintiff failed to do so.  Accordingly, the Court ordered Plaintiff to file the required letter by

June 4, 2020, on pain of sanctions, up to and including dismissal for failure to prosecute.  ECF

No. 30.  Plaintiff again missed the deadline, instead filing a request for an additional sixty-day stay on June 5, 2020.  ECF No. 31.  The Court denied Plaintiff's request, and ordered Plaintiff to file a letter stating whether he intends to proceed with this case by noon on June 10, 2020.  ECF No. 32.  Plaintiff again failed to meet the deadline, instead filing a letter at 6:17 p.m. on June 10, 2020, requesting a two-week extension to file an amended complaint naming Pacific East Group Inc. as a Defendant — the same Defendant Plaintiff had already named, ECF No. 17, and served, ECF No. 24.  *See* ECF No. 33.  Plaintiff gave no indication of an intention to seek a default judgment or otherwise proceed with the case.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances."  *Id.* at 251.  In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was on notice after the June 2, 2020 Order that failing to comply with the Court's Orders could result in dismissal.  In light of Plaintiff's apparent unwillingness to proceed with the case and repeated failure to comply with the Court's orders, dismissal of the case is warranted.  *See also* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order").  Nevertheless, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 12, 2020
     New York, New York

_____
JESSE M. FURMAN
United States District Judge